FILED

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

2015 MAR 19  P 2: 43

CLERK, US DISTRICT COURT
           DISTRICT OF FLORIDA

| | |
|---|---|
| Shanae Gaskin<br><br>Plaintiff,<br><br>v.<br><br>Stellar Recovery, Inc.<br><br>Defendant. | Case No.<br><br>3:15-CV-312-J-25PDB<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Shanae Gaskin, ("Shanae"), is a natural person who resided in Atlanta, Georgia, at all times relevant to this action.

2. Defendant, Stellar Recovery, Inc., ("SR"), is a Florida Corporation that maintained its principal place of business in Jacksonville, Florida, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because Defendant resides in this judicial district.

## STATEMENT OF FACTS

5. SR uses a predictive dialer system.

6. Before SR began contacting Shanae, it and Shanae had no prior business relationship and Shanae had never provided express consent to SR to be contacted on her cellular telephone.

7. SR regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

8. The principal source of SR's revenue is debt collection.

9. SR is a "debt collector" as defined by 15 U.S.C. §1692a(6).

10. As described, *infra*, SR contacted Shanae to collect a debt that was incurred primarily for personal, family, or household purposes.

11. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

12. Shanae is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On several occasions, the dates of which will be discovered through discovery, SR willingly and knowingly used an automatic telephone dialing system to call Shanae on her cellular phone multiple times in violation of the TCPA.

14. Within the past twelve months, SR began calling Shanae on Shanae's cellular phone in connection with the collection of the debt.

15. After an extended period in which SR had been calling her, Shanae communicated her desire that SR cease calling her, specifically during Shanae's work hours.

16. Despite this communication, SR continued to call Shanae on Shanae's cellular phone, during Shanae's work hours, in connection with the collection of the debt

17. On one occasion, Shanae's boyfriend, ("Boyfriend"), answered Shanae's cellular phone.

18. During this communication, SR disclosed to Boyfriend that Shanae owed the debt, which upset Shanae.

19. SR's calls to Shanae during work hours caused Shanae to lose focus at work and Shanae feared Shanae's employment was at risk.

20. SR caused Shanae emotional distress.

21. SR attempted to collect a debt from Shanae.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff re-alleges and incorporates by reference Paragraphs 14 through 21 above as if fully set forth herein.

23. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff re-alleges and incorporates by reference Paragraphs 14 through 21 above as if fully set forth herein.

25. Defendant violated 15 U.S.C. §1692c(b) by communicating with a third party in connection with the collection of the debt without Plaintiff's consent.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff re-alleges and incorporates by reference Paragraphs 14 through 21 above as if fully set forth herein.

27. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff re-alleges and incorporates by reference Paragraphs 14 through 21 above as if fully set forth herein.

29. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## COUNT FIVE

### Violations of the Telephone Consumer Protection Act

30. Plaintiff re-alleges and incorporates by reference Paragraphs 14 through 21 above as if fully set forth herein.

31. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Plaintiff's cellular telephone using an automatic telephone dialing system without Plaintiff's prior express consent.

## JURY DEMAND

32. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

33. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

    c. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

    d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: /s/ H. Karen Gatto
One of Plaintiff's Attorneys

*Of Counsel*
H. Karen Gatto, Esq.
Florida Bar No. 0190527
Hyslip & Taylor, LLC, LPA
8270 Woodland Center Blvd.
Tampa, FL 33614
Phone: 800-675-5507
Email: kgatto@gattolaw.com

Date: March 12, 2015